STATE of Wisconsin, Petitioner,

v.

Martin J. ERICKSON, Respondent. [Case No. 80–137.]

STATE of Wisconsin, Petitioner,

v.

John R. ERICKSON, Respondent. [Case No. 80–138.]

STATE of Wisconsin, Petitioner,

v.

Dean HALVORSEN,[1] Respondent. [Case No. 80–139.]

Court of Appeals

*Nos. 80–137, 80–138, 80–139. Submitted on briefs October 30, 1980.
—Decided February 17, 1981.*
(Also reported in 303 N.W.2d 850.)

---

[1] Respondent's correct name is Cyril Dean Halvorson.

For the petitioner the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Maryann Sumi,* assistant attorney general.

For the respondents the cause was submitted on the brief of *John M. Wiley* of Wausau.

Before Donlin, P.J., Foley, J., and Dean, J.

FOLEY, J.   The state appeals the trial court's order suppressing evidence uncovered in a warrantless inspection of a truck by state conservation wardens acting under secs. 23.61(4)[2] and 29.33(6),[3] Stats.   The trial

[2] Section 23.61(4), Stats., provides:
Search and seizure; when authorized.   A search of a person, object or place may be made and things may be seized when the search is made:
. . . .
(4) With the authority and within the scope of a right of lawful inspection;
[3] Section 29.33(6), Stats., provides:
Inspection.   For purposes of enforcement of this section, conservation wardens or department employes duly authorized and designated by the secretary, upon presenting appropriate credentials to the licensee or agent in charge, are authorized:
(a) To enter any building or structure, excluding a dwelling place, in which nets or fish are stored, processed, packed or held,

court determined that the warrantless inspection constituted an unlawful search under both art. I, §11 of the Wisconsin Constitution and the fourth and fourteenth amendments of the United State Constitution.[4] Because we conclude that sec. 29.33(6) authorizing the warrantless search is constitutionally valid, and because the search was reasonably conducted in accordance with the statute, we reverse.

In general, warrantless searches are presumptively unreasonable under the fourth amendment. *Marshall v. Barlow's, Inc.*, 436 U.S. 307 (1978); *See v. City of Seattle*, 387 U.S. 541 (1967). Exceptions exist, however, to this presumption in certain "carefully defined classes of cases." *See Barlow's; Camara v. Municipal Court*, 387 U.S. 523 (1967). Traditionally, these cases have concerned industries that have a history of pervasive governmental regulation and close supervision where there is no reasonable expectation of privacy, or

or to enter any vessel or vehicle being used to transport nets or fish when the owner or agent in charge is present or upon 8 hours' notice at other times.

(b) To inspect buildings, structures, vessels or vehicles, all pertinent equipment including nets used or stored in the places to be inspected and any fish stored, processed, packed or held in the places to be inspected.

[4] The search and seizure language of the Wisconsin Constitution is identical to the language of the fourth amendment to the United States Constitution. Wisconsin courts have often interpreted the two provisions together. *See, e.g., State v. Monahan*, 76 Wis. 2d 387, 251 N.W.2d 421 (1977). Although Wisconsin is free to afford greater constitutional protection against governmental intrusions than the fourth amendment provides, *State v. Doe*, 78 Wis. 2d 161, 254 N.W.2d 210 (1977), neither party argues that we should separately construe the state and federal constitutional provisions. We therefore conclude that in the context of the inspection in this case, the Wisconsin and United States Constitutions apply the same standards in prohibiting unreasonable searches.

industries involved in activities affecting particularly important governmental interests.[5] In these cases, a warrantless search is presumptively reasonable. *See* Note, *Constitutional Law—Fourth Amendment—Propriety of Warrantless Searches by OSHA Inspectors,* 1979 Wis. L. Rev. 815.

We conclude that a warrantless search by state conservation wardens pursuant to sec. 29.33 (6) is presumptively reasonable. The state's fishing industry has a history of pervasive state regulation and inspection. *See* ch. 221, 1895 WIS. LAWS; ch. 668, 1917 WIS. LAWS; *Bittenhaus v. Johnston,* 92 Wis. 588, 66 N.W. 805 (1896). The fishing industry also affects an important governmental interest, the preservation of a natural resource of the state. *See generally Peterson v. Natural Resources Board,* 94 Wis.2d 587, 288 N.W.2d 845 (1980); *Just v. Marinette County,* 56 Wis.2d 7, 201 N.W.2d 761 (1972); *DNR v. City of Clintonville,* 53 Wis.2d 1, 191 N.W.2d 866 (1972); *State v. Herwig,* 17 Wis.2d 442, 117 N.W.2d 335 (1962); (these cases by implication establish the importance of the state's interest in the protection of its natural resources).

The test of reasonableness involves a balancing of the public's need for enforcement of important state objectives against the individual's interest in privacy and security from arbitrary invasions by governmental officials. *See Barlow's; Biswell; Colonnade; Camara.* The preservation of the state's fishing industry is an important state objective. Preservation requires effective enforcement. Because of the enforcement difficulties associated with fishing laws, spot inspections greatly enhance

---

[5] Examples of industries that have a history of regulation or that affect strong governmental interests are firearms, *United States v. Biswell,* 406 U.S. 311 (1972), and liquor, *Colonnade Catering Corp. v. United States,* 397 U.S. 72 (1970).

effective regulation. A requirement that state wardens procure a warrant for inspections designed to locate easily transferable and transportable, untagged fish would substantially impair the state's enforcement capabilities.[6]

Conversely, spot inspections strictly limited by sec. 29.33 (6) do not significantly invade a commercial fisherman's privacy. Section 29.33 (6) carefully restricts inspections to the purpose of enforcing sec. 29.33 and relevant administrative code provisions. By accepting a commercial fishing license or permit from the state, which is expressly conditioned upon a grant by the licensee of sec. 29.33 (6) inspection rights to the state, the holder effectively consents to spot inspections by state officials. *See Almeida-Sanchez v. United States*, 413 U.S. 266 (1973). The commercial fisherman does not have an expectation of privacy. Further, because of the existing narrow scope of sec. 29.33 (6) inspections, and the lesser degree of probable cause required for administrative search warrants, *see Barlow's*, a warrant requirement would only marginally increase a commercial fisherman's privacy and security from governmental interference. Balancing the competing interests, we conclude that the security interest of licensed commercial fishermen must be subordinate to the enforcement needs of the state.

Even though the statute is constitutionally valid, the respondents may still show that the search was otherwise unreasonable. They have not done so in this case. The respondents have not established that the state conservation wardens exceeded their search authority. On

---

[6] Unlike the situation in *Barlow's*, the state can hardly rely on a commercial fisherman's employees to report violations of sec. 29.33, Stats. Unlike the enforcement of OSHA safety regulations in *Barlow's*, a commercial fisherman's employees would not directly benefit from the enforcement of sec. 29.33 and relevant administrative code provisions.

February 14, 1979, state conservation wardens, while in uniform, inspected a truck owned by Martin Erickson. The truck was backed up behind Bay Fisheries, and the wardens observed the truck being loaded with boxes from the Bay Fisheries building. Before the inspection, Martin Erickson told the wardens that the truck belonged to him and contained fish belonging to him and Dean Halvorson. Martin Erickson was present during the inspection. As a result of the inspection, the wardens discovered that the truck contained untagged lake trout. John Erickson and Dean Halvorson are sec. 29.33 licensees and hold permits from the State of Wisconsin to use commercial fishing gear in Lake Superior. John Erickson's license lists his son, Martin, as a crew member.[7]

The statute authorizes wardens, upon presentation of their credentials and in the presence of the owner, to search vehicles being used to transport fish. The vehicle here clearly contained fish for transport, and Martin Erickson acknowledged that he owned the vehicle. The wardens were in uniform, with badges, and they identified themselves. We conclude that this was a sufficient presentation of credentials. The respondents have therefore not established that the state officials exceeded their statutory inspection authority.

The respondents have also not shown that the search was for any other reason an unreasonable search. Defendants' proofs concerned only the non-issues of consent and emergency. Because the search was presumptively reasonable, and this presumption was not refuted, the evidence should not have been suppressed.

*By the Court.*—Order reversed.

---

[7] No one has raised the question of standing of John Erickson or Dean Halvorson to object to the search, and we therefore do not consider that question.